﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200218-64405
DATE: December 31, 2020

ORDER

Entitlement to service connection for right ear hearing loss is denied. 

FINDING OF FACT

The competent, credible and probative evidence is that the Veteran has not had a right ear hearing loss disability for VA compensation purposes at any time during the period of the appeal.

CONCLUSION OF LAW

The criteria for service connection for right ear hearing loss have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 1154(a), 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty as a U.S. Army payroll clerk from January 1970 to November 1971 including service in the Republic of Vietnam. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2020 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

In the February 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the Veteran elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the RO decision on appeal 38 C.F.R. § 20.301. 

The Board acknowledges that service connection for a left ear hearing loss disability was granted in the January 2020 rating decision; therefore, the claim is not before the Board. 

Service Connection

A Veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in line of duty in active service. 38 U.S.C. §§ 1110, 1131. To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service" - the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Service connection requires a showing of a current disability. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). A current disability is shown if the claimed condition is demonstrated at the time of the claim or while the claim is pending. McClain v. Nicholson, 21 Vet. App. 319 (2007). 

Service connection may also be granted for a disease shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred in-service. 38 C.F.R. § 3.303(d). Service connection for chronic disease may be granted if manifest to a compensable degree within one year of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "Chronic." Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. 38 C.F.R. § 3.303(b). Service connection for a recognized chronic disease can also be established through continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (2013); 38 C.F.R. §§ 3.303(b), 3.309. 

Under applicable criteria, VA shall consider all lay and medical evidence of record in a case with respect to benefits under laws administered by VA. In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Right Ear

The Veteran contends that he is entitled to service connection for a right ear hearing loss disability.

The threshold for normal hearing is from 0 to 20 decibels, and higher threshold levels indicate some degree of hearing loss. See Hensley v. Brown, 5 Vet. App. 155, 157 (1993). For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. VA regulations do not preclude service connection for a hearing loss which first met VA's definition of disability after service. Hensley, 5 Vet. App. at 159. 

The Veteran's service treatment records (STRs) are associated with the claims file.

During the Veteran’s December 1969 report of medical entrance examination, the clinician evaluation revealed normal ears and drums. The Veteran also denied ever having running ears and hearing loss. See October 2010 STR-Medical, p.7;9. 

In a November 1971 report of medical separation examination, the clinician evaluation revealed ears and drums were normal. However, there was no actual separation audiometric examination included with the STR’s. In addition, the Veteran indicated that his physical condition had not changed since his last examination and that he was in good condition. See October 2010 STR-Medical, p.3;4. 

In a October 2017 VA treatment record, a clinician noted the Veteran’s ear tympanic membranes were intact, normal in appearance and his hearing was normal. See Capri, p.45. In a January 2019 VA treatment note, the Veteran denied ear pain, hearing loss or change. See January 2020 Capri, p.22. 

In an October 2019 statement in support of claim, the Veteran reported that he did helicopter runs while stationed in Vietnam from January- November 1971. The Veteran further noted that the “huey’s” had a high pitch buzzing noise and that he never had hearing protection. The Veteran also indicated that he had time on a firing range, where there was rocket fire on a regular basis, and the artillery would fire back. In addition, the Veteran reported he was seen in Chu Lai, Vietnam for his ears as an outpatient. The Veteran stated that his ears were flushed with a solution, due to being plugged from the environment. The Veteran contended that his hearing loss and tinnitus were a result of noise exposure in the military. See October 2019 VA 21-4138 Statement In Support of Claim, p.1. 

In November 2019 the Veteran was afforded a VA hearing loss and tinnitus examination. The examiner reviewed the claims file and considered the Veteran’s lay accounts; and obtained an audiogram and speech recognition test. Audiometric testing revealed pure tone thresholds, in decibels as follows:

 

 HERTZ 

 500 1000 2000 3000 4000 Average

RIGHT 15 20 25 30 30 26

LEFT 25 20 30 35 35 30

Speech recognition ability was 94 percent in the right ear and 96 percent in the left ear. The audiologist provided a diagnosis of sensorineural hearing loss in the right and left ear at 500-4000 Hz range. 

The examiner concluded that it was at least as likely as not the Veteran’s right ear hearing loss was related to military noise exposure. The examiner indicated that the Veteran’s noise exposure was conceded as highly probable. The examiner noted that there was an audio examination at entrance but no separation examination. The Veteran’s hearing loss did not impact his ordinary conditions of daily life, including work. 

However, as noted above, hearing loss is considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. The test summarized above shows puretone thresholds 26 decibels or greater at only two of the required frequencies with speech recognition at 94 percent. 

The weight of competent, credible and probative evidence is that the Veteran does have some right ear hearing loss at two frequencies but does not have hearing loss that meets the VA criteria for disability at any time during the period of the appeal. 

The Board considered the statements of the Veteran and his representative that he has hearing loss but the report of sensed hearing loss is not consistent with the test measurements, at least to determine the level required for VA disability. See Jandreau, supra. As such, the Board finds the November 2019 VA examination to be of greater probative value. Therefore, the Board must deny the claim of service connection for bilateral hearing loss. 

As the preponderance of the evidence is against this claim, the "benefit of the doubt" rule is not for application, and the Board must deny the claim. See 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49. 

 

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Long-Ellis, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.